UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Kevin Brown,** | : |
| Plaintiff, | : Civil Action No. |
| v. | : |
| **First Advantage Corporation** | : |
| Defendants. | : |

# COMPLAINT AND JURY DEMAND

## Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendants (named below) for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA").

## Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, and 28 U.S.C. §1331, 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

## Parties

4. Plaintiff Kevin Brown is an adult individual who resides in Linden, NJ.

5. Defendant First Advantage Corporation ("Defendant" or "First Advantage") is a business entity that regularly conducts business in the District of New Jersey, which has a principal place of business located at 1 Concourse Parkway NE, Suite 200, Atlanta, GA 30328.

## Facts

6. First Advantage is a company that provides consumer background check reports.

As a part of Plaintiff's employment with Lyft Inc., First Advantage provided Plaintiff's consumer background check report to Lyft. The consumer background check report included criminal information that was false and inaccurate. The inaccurate information is believed to belong to another individual with similar personal identifying information as Plaintiff.

7. After receiving the background check report Lyft deactivated Plaintiff as a driver and directed that Plaintiff return his placards. Even though Plaintiff disputed this information First Advantage refused to correct its records and continued to include the false and inaccurate criminal information within Plaintiff's consumer background check report that it has disseminated to various persons, both known and unknown.

8. Defendant either did not engage in any investigation when it was informed of the inaccurate reporting, or (alternatively) did not engage in a reasonable investigation, as such an investigation would have revealed that the inaccurate information was false.

9. Defendant also failed to institute or adhere to policies and procedures that could have prevented the reporting of the inaccurate information.

10. Defendant knew or should have known that its actions violated the FCRA. Additionally, Defendant could have taken the steps necessary to bring its agents' actions within compliance of the statutes but neglected to do so and failed to adequately review those actions to ensure compliance with said laws.

11. Plaintiff's consumer background check report has been obtained from First Advantage and the inaccurate information has been a substantial factor in harming Plaintiff's current employment, and future employment prospects.

12. Because of Defendant's conduct, Plaintiff has suffered defamation and employment damages because of the false criminal information included within consumer background check

report released by Defendant including but not limited to informational harm, privacy harm, lost current and future wages, defamation and emotional distress, including, but not limited to, anxiety, frustration, embarrassment, and humiliation.

13. At all times pertinent hereto, the Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

14. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of Plaintiff.

## Count One – Violations of the FCRA
## Plaintiff v. First Advantage

15. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

16. At all times pertinent hereto, First Advantage was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

17. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

18. At all times pertinent hereto, the above-mentioned background reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

19. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i(a).

20. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully

above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

21. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorneys' fees; and

e. Such other relief as may be necessary, just and proper.

**THE KIM LAW FIRM, LLC**

*/s/ Richard H. Kim*
Richard Kim, Esquire
1635 Market St., Suite 1600
Philadelphia, PA 19103
Ph. 855-996-6342/Fax 855-235-5855
rkim@thekimlawfirmllc.com

*Attorneys for Plaintiff Kevin Brown*

Dated: July 12, 2021